**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

LAWRENCE SMITH,

    Plaintiff(s),

v.

EXPRESS DRAIN & SEWER
CLEANING, LLC f/k/a EM GROUP
VENTURES, LLC,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LAWRENCE SMITH ("Plaintiff" or "Smith"), pursuant to 29 U.S.C. § 216(b), files the following Complaint for Damages and Demand for Jury Trial against Defendant, EXPRESS DRAIN & SEWER CLEANING, LLC f/k/a EM GROUP VENTURES, LLC ("Defendant")[1] on behalf of himself, and alleges as follows:

**INTRODUCTION**

1.    This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201–216, to seek redress of Defendant's violations of the FLSA. In one or more workweeks during Plaintiff's employment period, Defendant manipulated Plaintiff's time records in order to deny Plaintiff overtime compensation for all of the hours that Plaintiff worked in excess

---

[1] On or about October 20, 2021, Defendant's registered agent and managing member filed its Article of Amendment to Articles of Organization with the Florida Secretary of State to change its name from EM Group Ventures, LLC to Express Drain & Sewer Cleaning, LLC.

of forty (40), thereby unlawfully depriving Plaintiff of overtime wages. Plaintiff therefore seeks to recover all wages owed to him during the course of his employment by Defendant.

## PARTIES

2. During all times material hereto, Plaintiff was and remains a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Florida Limited Liability Company licensed to transact business in Florida within the jurisdiction of this Honorable Court, and maintained a principal place of business at 5801 Mayo St., Hollywood, FL 33023.

4. During all times material hereto, Defendant possessed authority to hire, fire, and discipline Plaintiff.

5. During all times material hereto, Defendant administered the payroll practices applicable to Plaintiff, including the issuance of paychecks for Plaintiff, and the manipulation of time records alleged within this Complaint.

6. During all times material hereto, Plaintiff was dependent upon Defendant, for his employment, as Defendant supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of its business objectives.

7. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

9. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

10. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11. Defendant provides drain cleaning and plumbing services to residential and commercial clients, including services such as, but not limited to, sewer draining cleaning, high pressure jetting, storm drain cleaning, plumbing maintenance and repair, and grease trap cleaning.[2]

12. Defendant employs at least two or more individuals who work as service plumbers, field supervisors, and/or support staff.

## FLSA COVERAGE

13. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant and Plaintiff's work for the Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

14. During his employment with Defendant, Plaintiff and multiple other employees, handled and worked with various good and/or materials that have moved through interstate

---

[2] *See* "Services," available at https://expressdrainplumbing.com/all-services/ (last visited on August 19, 2022).

commerce, including, but not limited to the following: hand-tools, service trucks, jackhammers, cameras, hydro-jetting equipment, work gloves, extension cords, installation equipment, pens, computers, cellular telephones, order forms, and other related items.

15. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's businesses enterprises covered by the FLSA.

16. Defendant grossed in excess of $500,000.00 in 2020 and 2021, and is expected to gross in excess of $500,000.00 in 2022.

## PLAINTIFF'S WORK FOR DEFENDANT

17. In March 2022, Defendant hired Plaintiff as a non-exempt hourly employee to work as a Plumbing Technician.

18. Upon hiring Plaintiff, Defendant agreed to compensate Plaintiff at a regular hourly rate of $30.00 per hour.

19. As of the date of this filing, Plaintiff is still employed by the Defendant as a non-exempt hourly Plumbing Technician.

20. During Plaintiff's employment period, beginning in March 2022, Plaintiff regularly worked for the Defendant in excess of forty (40) hours per week.

21. When Plaintiff worked in excess of forty (40) hours in a workweek he was entitled to be compensated at the rate of $45.00 per hour which is the federally mandated overtime wage rate of 1.5 times his regular hourly rate.

22. During one or more workweeks, Defendant failed to pay Plaintiff the applicable overtime wages when he worked more than forty (40) hours in a workweek.

23. Defendant deliberately avoided its obligation to compensate Plaintiff at the lawful time-and-a-half rate for all of the hours that Plaintiff worked in excess of forty (40) by manipulating Plaintiff's time records to show that he worked less hours than he actually worked.

24. Defendant was expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform this work, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation during the relevant period.

25. Defendant regularly manipulated the time records for Plaintiff during the relevant time period in an attempt to avoid its federal overtime wage obligations.

26. As a result of Defendant's intentional manipulation of these time records, Plaintiff's payroll records during the relevant time period do not accurately reflect the total amount of hours actually worked by Plaintiff.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 207**

27. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 26 as though set forth fully herein.

28. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

29. During all times material hereto, Plaintiff was a non-exempt employee who was eligible for overtime wages when he worked in excess of forty (40) hours per week.

30. During the time period relevant to this lawsuit, Plaintiff regularly worked in excess of forty (40) hours in one or more workweeks.

31. However, Defendant failed to properly compensate Plaintiff in one or more workweeks for all hours worked in excess of forty (40) at a rate of one-half his regular hourly rate for hours worked.

32. Plaintiff is entitled to recover statutorily prescribed overtime wages at the applicable overtime wage rate for all hours worked in excess of forty (40) per week.

33. Defendant intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to its compliance with federal overtime law.

34. Plaintiff is therefore entitled to: (i) overtime wages; and (ii) liquidated (double) damages pursuant to the FLSA.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by 29 U.S.C. § 216(b), plus liquidated damages, and any such further damages as may be shown at the time of trial.

36. Plaintiff has been required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover reasonable attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, LAWRENCE SMITH, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, EXPRESS DRAIN & SEWER CLEANING, LLC f/k/a EM GROUP VENTURES, LLC, and award Plaintiff: (a) overtime wages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LAWRENCE SMITH, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 19th day of August 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No.
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 19, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: